**In re Juannell N. JEFFERSON, Debtor.**

**No. 01 B 4131.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

June 5, 2001.

Jeffrey Kohan, Chicago, IL, for debtor.

### OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Before the Court is the motion to modify the automatic stay filed by SOUTH COMMONS CONDOMINIUM ASSOCIATION (SOUTH COMMONS) to proceed with its action in state court against the Chapter 13 Debtor, JUANNELL N. JEFFERSON (DEBTOR), for possession of the condominium units in which he resides.

The facts are not disputed. The DEBTOR, a member/occupant of SOUTH COMMONS, failed to timely pay $2,618 in maintenance assessments and on September 25, 2000, SOUTH COMMONS served the DEBTOR with a 30–day notice for nonpay-

ment. The DEBTOR failed to pay, and SOUTH COMMONS brought an action for possession against the DEBTOR in state court. On December 8, 2000, judgments for possession and for the unpaid assessments were entered against the DEBTOR. The enforcement of the judgments was stayed for sixty days.

The DEBTOR filed a Chapter 13 petition on Feb. 7, 2001, within the sixty-day period, listing SOUTH COMMONS as a secured creditor and proposing, in his Chapter 13 plan, to pay the delinquent assessment in full, over a 36–month period. SOUTH COMMONS filed a motion for relief from the stay to proceed with its state court eviction action against the DEBTOR. The DEBTOR opposed the motion, maintaining that he has the right to cure the arrearage to SOUTH COMMONS through his Chapter 13 plan. A hearing was held on the motion and the matter was taken under advisement. The DEBTOR filed a brief but SOUTH COMMONS failed to submit any authority in support of its position.

In support of his position that the petition was not filed too late to save his residence because it was filed before the order for possession took effect, the DEBTOR relies upon § 1322(c)(1) of the Bankruptcy Code which provides:

(c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—

(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law....

11 U.S.C. § 1322(c)(1). The DEBTOR suggests that SOUTH COMMONS, by "characterizing" its interest as a secured claim, has brought itself within the ambit of this provision. The DEBTOR also argues that he has equity in the property and that it is necessary for an effective reorganization and that it would be inequitable to grant SOUTH COMMONS' motion for relief from the stay, given that the default only amounts to $2,618.

The ownership in and the rights and responsibilities of parties under the condominium form of ownership of property is governed by the Illinois Condominium Act (Act), 765 ILCS 605/1 et al. Section 9(h) of the Act, provides that a unit owner's failure to pay the maintenance assessments gives rise to a lien on the interest of the unit owner. 765 ILCS 605/9(g)(1). Section 9(h) of the Act, governing enforcement of the lien, provides:

(h) A lien for common expenses shall be in favor of the members of the board of managers and their successors in office and shall be for the benefit of all other unit owners. Notice of the lien may be recorded by the board of managers.... Upon the recording of such notice the lien may be foreclosed by an action brought in the name of the board of managers in the same manner as a mortgage of real property.

765 ILCS 605/9(h). Section 9.2 of the Act, setting forth other remedies, provides that upon the unit owner's default, the board of managers may maintain an action for possession.

In the present case, the DEBTOR occupies the condominium units as his principal residence. By filing a Chapter 13 petition, the DEBTOR has procured the right to cure the delinquent assessments under § 1322(c)(1), until such time as his residence is sold at a foreclosure sale. Though SOUTH COMMONS has the right to foreclose its lien under the Illinois Condominium Act, it has not pursued that remedy, and until it does, the DEBTOR retains the right to cure the delinquent assessments. This right is paramount,

and would in fact be meaningless, if this Court would grant SOUTH COMMONS' motion for relief from the stay. The enforcement of the order for possession entered by the state court was stayed pursuant to § 9–111 of the Illinois Code of Civil Procedure, to afford the DEBTOR an opportunity to cure the default. The DEBTOR has proposed to cure the default within a reasonable time through his Chapter 13 plan and he is entitled to retain possession of his personal residence.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## ORDER

For the reasons stated in an oral ruling given this day, IT IS HEREBY ORDERED that the motion to modify the automatic stay filed by SOUTH COMMONS is DENIED.